IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LAKESHIA DRUMMER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:19-cv-00026 |
| AT&T CORPORATION, | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant AT&T Corp. removes to the United States District Court for the Western District of Missouri the action styled *Lakeshia Drummer v. AT&T Corporation,* Case No. 1716-CV23503, currently pending in the Circuit Court of Jackson County, Missouri (the "Circuit Court Action"). Defendant removes this case on grounds of both federal question and diversity jurisdiction. In support of removal, Defendant states as follows:

**I.  THE CIRCUIT COURT ACTION**

1. On September 27, 2017, Plaintiff Lakeshia Drummer ("Plaintiff") commenced this action in the Circuit Court of Jackson County, Missouri, at Kansas City, by filing her Petition ("Petition") for Damages, purporting to assert claims for disability discrimination under the Missouri Human Rights Act ("MHRA"), and retaliation under the Family and Medical Leave Act ("FMLA").

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant in the Circuit Court Action are attached as Exhibit A.

3. Summons and Petition were purportedly served on Defendant on January 2, 2019.[1]

4. By removing this action, Defendant does not waive any defenses or objections that it may have, including but not limited to, sufficiency of process, service of process, and personal jurisdiction.

5. The Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) because it is filed within thirty days of purported service upon Defendant.

## II. VENUE

6. Venue is proper in this Court because this case was originally filed in Jackson County, Missouri, which lies within this district. *See* 28 U.S.C. §§ 105(b)(1), 1446(a).

## III. NATURE OF CLAIMS AND FEDERAL QUESTION JURISDICTION

7. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a), because Count III of Plaintiff's Petition asserts claims under the Family and Medical Leave Act (29 U.S.C. § 2601 *et seq*.) ("FMLA"). *See* Ex. A, Petition at Count III ("Count III: Retaliation in Violation of the Family and Medical Leave Act.")

8. In addition to her expressly asserted claims under the FMLA in Count III, Plaintiff makes multiple factual allegations about her use of FMLA leave in the common facts and in Counts I and II of her Petition. *See e.g.* Petition ¶¶ 17, 21, 23-26, 32, 40. She incorporates and reasserts those allegations in all Counts. ¶¶ 27, 35, 43.

9. Although Counts I and II purport to assert disability discrimination claims under the MHRA, the allegations essentially mirror those in Count III. For example, Plaintiff claims in her common facts and all three counts of the Petition that she was not promoted due to her use

---

[1] Defendant contends service was improper. Plaintiff waited more than a year after filing before even attempting to serve Defendant. That delay is contrary to Missouri's requirement that process be served "promptly." *See* Mo. Sup. Ct. R. 54.21.

of FMLA leave. *See e.g.* Petition ¶¶ 17, 21-25, 29, 32, 37, 40, 44, 46-49.

10. "Removal of a complaint setting forth state law claims is proper . . . where (1) federal law preempts a plaintiff's state-law claim, or (2) an issue of federal law is a necessary and central element of plaintiff's state law claims." *Palazzolo v. Harris-Stowe State University*, 2016 WL 3878470, at *2 (E.D. Mo. July 18, 2016).

11. Here, the Petition improperly labels Counts I and II as state MHRA claims. The MHRA does not protect individuals who have exercised FMLA rights. Instead, the MHRA protects individuals based on "race, color, religion, national origin, sex, ancestry, age, or disability." Mo. Rev. Stat. § 213.055.1(1).

12. Because Plaintiff's Petition asserts that Defendant violated federal law (the FMLA), this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1441(a).

13. Moreover, even if Plaintiff asserts state-law claims in Counts I and II, this Court has supplemental jurisdiction over those claims because they rely on and arise from the same set of facts as Plaintiff's FMLA claim in Count III. *See* 28 U.S.C. § 1367.

**IV.  DIVERSITY JURISDICTION**

14. Additionally, removal is proper under 28 U.S.C. § 1441 because this action falls within the United States District Court's jurisdiction under 28 U.S.C. § 1332(a). The parties are citizens of different states and the amount in controversy exceeds $75,000.00.

**A.  Diversity of citizenship exists.**

15. For diversity jurisdiction to exist, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005); *Junk v. Terminix Int'l Co.,* 628 F.3d 439, 445 (8th Cir. 2010).

16. For diversity purposes, "the terms 'domicile' and 'citizenship' are synonymous" and mean the State where an individual is physically present and intends to make his or her home indefinitely. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). "The place where a [person] lives is properly taken to be [the] domicile until facts adduced establish the contrary." *Dist. Of Columbia v. Murphy*, 314 U.S. 441, 455 (1941).

17. Upon information and belief, Plaintiff was a citizen of the state of Missouri at the time she filed the Petition. *See* Petition, Ex. A, ¶ 1.

18. For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332 (c)(1).

19. To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's executives direct, control and coordinate the corporation's activities and administration. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.*

20. AT&T Corp. is a New York corporation with its principal place of business in the state of New Jersey. Declaration of Jenny Questell ("Questell Decl."), attached as Exhibit B, at ¶ 4.

B. **The Amount in Controversy Exceeds $75,000.**

21. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction requires that the amount in controversy "exceed the sum or value of $75,000, exclusive of interest and costs."

22. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a

4

plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014).

23.     Although Defendant disputes Plaintiff's allegations and denies that it is liable to Plaintiff, the amount *in controversy* in this action exceeds $75,000, exclusive of interest and costs. The standard for determining whether a plaintiff's claim meets the jurisdictional threshold is "whether a fact finder might legally conclude" that a plaintiff's damages are greater than $75,000. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002) (internal quotations omitted). Further, the relevant question is the value of the claim, and not the amount pleaded or the actual verdict. *See In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003).

24.     The Petition asserts three separate counts and seeks actual damages including back pay and front pay, and emotional damages, along with costs, expenses, attorneys' fees and interest. *See* Ex. A, Petition.

25.     In addition, Plaintiff's claims for punitive damages may be aggregated with her claim for compensatory damages; together, those claims satisfy the amount in controversy requirement of the diversity statute. *See Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992).

26.     Jury verdicts received by plaintiffs for MHRA claims in Jackson County and surrounding counties have often exceeded $75,000:

- *Curley v. Animal Clinic of Kendallwood and Randall Lary*, No. 12CY-CV00582 (Mo. Cir. Ct. Clay County, 2015): jury awarded plaintiff $29,952 in actual damages and $200,000 in punitive damages for her sexual harassment claim;

- *Loyd Broyles v. J.B. Hunt Transport, Inc.*, No. 11CY-CV13999-01 (Mo. Cir. Ct. Clay County, 2014): jury awarded plaintiff $45,057.59 in actual damages and

5

$1,000,000 in punitive damages for his discrimination claim;

- *Diaz v. Autozoners LLC and Autozone, Inc.*, No. 1216-CV28445 (Mo. Cir. Ct. Jackson County, 2014): jury awarded plaintiff $75,000 in actual damages and $2.5 million in punitive damages on her sexual harassment claim;

- *Bashir v. Southwestern Bell Telephone*, No. 1016-CV38690 (Mo. Cir. Ct. Jackson County, 2012): jury awarded plaintiff $120,000 in actual damages and $5 million in punitive damages on her hostile work environment and retaliation claims;

- *Ingraham v. UBS Financial Services, Inc. and Decoder*, No. 0916-CV36471 (Mo. Cir. Ct. Jackson County, 2011): jury awarded plaintiff $592,000 in actual damages and $10 million in punitive damages on her sexual harassment and retaliation claims; and

- *Eickhoff v. Union Pac.*, No. 0816-CV20813 (Mo. Cir. Ct. Jackson County, 2009): jury awarded plaintiff $120,000 in compensatory damages and $1.27 million in punitive damages on her sex discrimination and retaliation claims.

27. In determining the amount in controversy, courts also should consider the plaintiff's claim for attorneys' fees. *See Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

28. Recent fee awards in cases filed under the MHRA have also exceeded the $75,000 threshold:

- *Bowolak v. Mercy East Communities*, 452 S.W.3d 688 (Mo. Ct. App. E.D. 2014) (affirming fee award of $81,500);

- *DeWalt v. Davidson Surface Air*, 449 S.W.3d 401 (Mo. Ct. App. E.D. 2014) (reversing trial court's reduction of fee award, awarding approximately $130,000 in attorney's fees); and

- *Tate v. Autozoners, L.L.C.*, 363 S.W.179 (Mo. Ct. App. S.D. 2012) (affirming fee award of $126,000).

29. In considering complaints under the MHRA, federal courts in Missouri have "legally conclude[d] that the jurisdictional minimum has been met," even when the compensatory damages are less than $75,000, when other damage categories are considered. *See e.g. Polites v. Home Depot U.S.A., Inc.*, No. 4:13CV143 CDP, 2013 WL 2420674, at *2 (E.D.

Mo. June 3, 2013) (denying motion to remand, even though the plaintiff's compensatory damages were only $44,000, as combination of claims for compensatory, emotional, and punitive damages, along with attorneys' fees, would clearly permit finder of fact to potentially award "well in excess of the $75,000 threshold"); *see also White v. United Parcel Serv.*, No. 4:11CV00707 AGF, 2012 WL 760936, at *3 (E.D. Mo. Mar. 8, 2012) (concluding the combination of $35,000 in alleged compensatory damages with alleged emotional and punitive damages was sufficient to meet the jurisdictional minimal requirement).

30. Considering the *combination* of Plaintiff's potential claims for actual damages, punitive damages, and attorneys' fees, a fact finder might legally conclude that Plaintiff's damages exceed $75,000, exclusive of interest and costs. Accordingly, this matter meets the amount in controversy requirement for removal.

## V. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

31. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri, and will simultaneously provide written notice of the filing of this Notice of Removal to counsel for Plaintiff as reflected by the Certificate of Service.

## VI. CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Defendant removes this action to this Court from the Circuit Court of Jackson County, Missouri, and requests that this Court assume full jurisdiction over this matter as provided by law.

Respectfully submitted,

/s/ Kyle A. Kitson
Daniel B. Boatright, #38803
Kyle A. Kitson, #66008
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO 64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
dboatright@littler.com
kkitson@littler.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and further certify that I have mailed by U.S. Mail, postage prepaid, the document to the following counsel of record:

Eric C. Crinnian
The Crinnian Law Firm, LLC
107 W. 9th Street, 2nd Floor
Kansas City, MO 64105

ATTORNEYS FOR PLAINTIFF

/s/ Kyle A. Kitson
Attorney for Defendant