# EXHIBIT A



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>SANDRA C. MIDKIFF | Case Number: 1716-CV23503 |
|---|---|
| Plaintiff/Petitioner:<br>LAKESHIA DRUMMER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ERIC CHARLES CRINNIAN<br>THE CRINNIAN LAW FIRM, LLC<br>107 W. 9TH STR. 2ND FL<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>AT&T CORPORATION | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: AT&T CORPORATION
Alias:

SERVE REGISTERED AGENT
THE CORPORATION COMPANY
120 S CENTRAL AVE
CLAYTON, MO 63105

**PRIVATE PROCESS SERVER**

COURT SEAL OF

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

03-DEC-2018
Date                                                    Clerk

JACKSON COUNTY      Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____      _____
                              Date                              Notary Public

**Sheriff's Fees**
Summons               $_____
Non Est               $_____
Sheriff's Deputy Salary
Supplemental Surcharge $    10.00
Mileage               $_____  ( _____ miles @ $._____ per mile)
Total                 $_____
A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) For Court Use Only: Document Id # 18-SMCC-12476  1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:19-cv-00026-ODS   Document 1-1   Filed 01/11/19   Page 2 of 13

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

IN THE 16TH CIRCUIT COURT OF JACKSON COUNTY,
MISSOURI AT KANSAS CITY

| | |
|---|---|
| **LAKESHIA DRUMMER**<br>5544 Bellefontaine<br>Kansas City, MO 64130<br><br>    Plaintiff,<br><br>vs.<br><br>**AT&T CORPORATION**<br>2121 E. 63rd St.<br>Kansas City, MO 64130<br><br>Serve:<br>THE CORPORATION COMPANY<br>120 S. Central Ave.<br>Clayton, MO 63105 | CASE NO. _____<br><br>DIVISION: _____<br><br>JURY TRIAL DEMANDED |

## PETITION FOR DAMAGES (TJ)

COMES NOW Plaintiff, Lakeshia Drummer ("Drummer"), by and through undersigned counsel, and for her Petition for Damages against Defendant AT&T Corporation ("AT&T"), states and avers as follows:

### Parties and Venue

1. Plaintiff is a resident of Kansas City, Jackson County, Missouri, and the events complained of herein occurred in Kansas City, Jackson County, Missouri.

2. Plaintiff is a qualified individual with a disability that substantially limits one or more of her major life activities, particularly that Plaintiff suffers from bouts of severe clinical depression.

3. Plaintiff is also associated with a disabled person, in that her son suffers from Erb's Palsy, resulting in disabling headaches and partial paralysis on one side, which substantially limits one or more of his major life activities.

1

Electronically Filed - Jackson - Kansas City - September 27, 2017 - 10:55 PM

4. Plaintiff is a member of a category of persons protected from disability discrimination under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 *et seq*.

5. At all times material hereto, Plaintiff had worked for Defendant for more than twelve months and for more than 1,250 hours in the twelve month period preceding her absences, and therefore was an "eligible employee" as defined in § 101(2) of the Family and Medical Leave Act, 29 U.S.C. § 2611(2).

6. Defendant AT&T is a foreign, for-profit corporation organized under the laws of the State of New York, is registered to do business in the State of Missouri, and which employs more than six employees in the State of Missouri.

7. Defendant AT&T is also an employer who employs fifty or more employees within a 75-mile radius of Plaintiff's worksite.

8. At all times relevant herein, Plaintiff was an employee of Defendant, and worked at Defendant's location at 2121 East 63rd St., Kansas City, Missouri 64130.

9. At all times relevant herein, the discriminatory acts and events complained of occurred in Kansas City, Jackson County, Missouri, and therefore venue is appropriate.

10. Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission and Missouri Commission on Human Rights, and received her Notice of Right to Sue from the MCHR on June 29, 2017.

11. Plaintiff has properly exhausted all administrative remedies.

### Facts Common to All Counts

12. Plaintiff began her employment with Defendant AT&T on or about August 1, 2011 working in sales for the company.

13. At all times relevant herein, Plaintiff was classified as a "Leverage Service Representative," which is a position that provides salespersons the ability to obtain higher pay based on hitting sales targets. Rather than a flat hourly rate or straight commission, Leveraged Service Representatives receive a lower flat hourly rate with a commission/bonus based on sales targets.

14. Throughout Plaintiff's employment, she has performed her job responsibilities satisfactorily, and is consistently at or near the top in sales performance.

15. For several years, Plaintiff has suffered from severe clinical depression.

16. When Plaintiff experiences a depressive episode, she usually has to take a short period of time off until the episode passes.

17. In January 2016, however, Plaintiff experienced a particularly severe episode, and took leave pursuant to the Family and Medical Leave Act ("FMLA"). This leave was full leave for approximately one month, with Plaintiff returning to work on an intermittent-leave basis (part time schedule) for approximately another month.

18. In March 2016, Plaintiff was still on a part-time basis, but was given full-time sales targets to meet, which she did.

19. Plaintiff did not get fully paid for her March 2016 sales targets, despite exceeding them. In particular, Defendant only compensated her for a part-time target, resulting in Plaintiff being underpaid by approximately $1,300.

20. In addition to her own disability, Plaintiff's son was born with Brachial Plexus Birth Palsy, also known as Erb's Palsy. As a result of his defect, he suffers from disabling headaches and partial paralysis.

3

21. During 2016, Plaintiff took additional FMLA time in order to care for her son, who was undergoing surgery in order to alleviate some of the symptoms of his Erb's Palsy.

22. In December 2016, Plaintiff applied for a promotion to a "Lead Relief Differential Assignment" ("RDA") position, which would have provided additional supervisory responsibilities and pay opportunities for Plaintiff. Upon information and belief, Plaintiff was qualified for this position based upon the stated requirements for the job.

23. On December 20, 2016, Plaintiff was informed that she was ineligible for the position, despite her consistently high numbers, because she had taken too much time off from work. Her attendance was the only reason given for her ineligibility for the position.

24. Plaintiff was further informed that to be eligible for the position, she could miss no more than five days throughout the year, regardless of whether the days were covered under FMLA or were accommodations for a disability.

25. Upon information and belief, if not for Plaintiff missing work due to protected FMLA leave and disability accommodations, she would have been eligible for, and received, the promotion.

26. Upon information and belief, Defendant has a practice of discouraging individuals from missing work, including through protected FMLA leave and disability accommodation, and of punishing individuals who do take time off work.

### Count I: Disability Discrimination in Violation of the Missouri Human Rights Act

27. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

28. Plaintiff was a member of a legally protected class due to her disability.

29. Plaintiff was not promoted and, upon information and belief, was not considered for promotion, due to her own disability and need for accommodation.

4

Electronically Filed - Jackson - Kansas City - September 27, 2017 - 10:55 PM

30. Plaintiff was treated differently because of her own disability and need for accommodation, and was deprived of equal opportunities as a result.

31. Plaintiff's disability and requests for accommodation were a contributing factor to Defendant's decision to treat Plaintiff differently.

32. The job posting for the RDA position specifically identified that individuals who had less than 98% attendance were not eligible for the position, with no exception made for individuals who took disability accommodation time or FMLA.

33. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages including lost wages, degradation, humiliation, and garden variety emotional distress.

34. The actions of Defendant were intentional, malicious, and/or outrageous, and evidenced an evil motive or conscious disregard for the rights of others, entitling Plaintiff to an award of punitive damages to punish them and deter them and others from engaging in similar behavior.

WHEREFORE, Plaintiff prays for judgment against Defendant AT&T for her actual damages including back and front pay, garden variety emotional damages, costs, expenses, reasonable attorney fees, and interest. Plaintiff further prays for an award of punitive damages against Defendant.

### Count II: Associational Disability Discrimination in Violation of the Missouri Human Rights Act

35. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

36. Plaintiff was a member of a legally protected class due to her association with a disabled person, namely her son who suffered Erb's Palsy.

5

Electronically Filed - Jackson - Kansas City - September 27, 2017 - 10:55 PM

37. Plaintiff was not promoted and, upon information and belief, was not considered for promotion, due to her son's disability and need for accommodation.

38. Plaintiff was treated differently because of her son's disability and need for accommodation and was deprived of equal opportunities as a result.

39. Plaintiff's son's disability and requests for accommodation were a contributing factor to Defendant's decision to treat Plaintiff differently.

40. The job posting for the RDA position specifically identified that individuals who had less than 98% attendance were not eligible for the position, with no exception made for individuals who took disability accommodation time or FMLA.

41. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages including lost wages, degradation, humiliation, and garden variety emotional distress.

42. The actions of Defendant were intentional, malicious, and/or outrageous, and evidenced an evil motive or conscious disregard for the rights of others, entitling Plaintiff to an award of punitive damages to punish them and deter them and others from engaging in similar behavior.

WHEREFORE, Plaintiff prays for judgment against Defendant AT&T for her actual damages including back and front pay, garden variety emotional damages, costs, expenses, reasonable attorney fees, and interest. Plaintiff further prays for an award of punitive damages against Defendant.

### Count III: Retaliation in Violation of the Family and Medical Leave Act

43. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

44. Plaintiff exercised her right to take job protected leave under FMLA due to her own serious health condition, and the serious health condition of her son.

45. Upon Plaintiff returning to work from leave in early 2016, Defendant failed to compensate Plaintiff for work performed, namely by setting a full-time target for her but not providing full-time compensation when she exceeded her sales targets. This resulted in a pecuniary loss of approximately $1,300 to Plaintiff.

46. Defendant further harmed and retaliated against Plaintiff by deeming her ineligible for the RDA position in December 2016 due to her attendance, which was covered under protected FMLA and/or as a disability accommodation.

47. The posting for the RDA position indicates that applicants, "...must work 98% of scheduled work during a rolling 12 months except for contractual time including vacation, union business, jury duty, etc..." but does not identify that disability accommodation or FMLA time would not count toward the 98% attendance rate.

48. Plaintiff was informed by her supervisor, Tracie Halley, and manager, Bob Crowley, that she was ineligible for the position due to her FMLA time.

49. Defendant unlawfully retaliated against Plaintiff in violation of the FMLA.

50. Defendant engaged in the aforementioned discriminatory acts with malice.

51. Due to Defendant's failure to promote Plaintiff due to her FMLA time, Plaintiff has incurred, and will continue to incur, economic damages.

52. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of income and benefits.

53. Plaintiff is entitled to recovery of all damages and other relief allowed under the Family and Medical Leave Act.

WHEREFORE, Plaintiff prays for judgment against Defendant AT&T for her lost wages including back and front pay, liquidated damages, attorney fees, and interest.

### Demand for Jury Trial

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully Submitted,

*/s/ Eric C. Crinnian*
Eric C. Crinnian, MO 66536
The Crinnian Law Firm, LLC
107 W. 9th St., 2nd Floor
Kansas City, MO 64105
Tel: (816) 459-0649
Fax: (816) 866-7766
eric@crinnian.law
**ATTORNEY FOR PLAINTIFF**

Electronically Filed - Jackson - Kansas City - September 27, 2017 - 10:55 PM

Case 4:19-cv-00026-ODS   Document 1-1   Filed 01/11/19   Page 11 of 13

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

LAKESHIA DRUMMER, )
    Plaintiff, )
vs. ) Case No. 1716-CV23503
) Division 1
AT&T CORPORATION, )
)
    Defendant. )

## ORDER RESETTING CASE MANAGEMENT CONFERENCE

This matter came to the Court on this 3rd day of December, 2018 for a Case Management Conference.

**IT IS NOW HEREBY ORDERED** that a case management conference is reset for **Monday, January 7, 2019, at 9:00 A.M. in Division One.** Failure to serve Defendant by that date will result in dismissal.

**IT IS SO ORDERED.**

_____
Sandra C. Midkiff, Circuit Judge

Date: 12/3/18

A copy of the above and foregoing was sent via mail/eFiling system on
___12/3___, 2018 to:

Eric Crinnian

_Aubree Winkley_, Judicial Law Clerk

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☒ AT KANSAS CITY ☐ AT INDEPENDENCE

_Lakeshia Drummer_
PETITIONER/PLAINTIFF,

VS.                                    CASE NO. _1716-CV23503_

_AT&T Corp._
RESPONDENT/DEFENDANT.

## MOTION FOR APPROVAL AND APPOINTMENT
## OF PRIVATE PROCESS SERVER

COMES NOW Requestor in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Requestor requests that the following individual be approved and appointed to serve process in this case:

Legal Name _Pam K. Wheetley_

Registration No. (if applicable) _PPS 18-0441_

The Requestor states that:

☐ The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

☒ The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

☐ The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_____                          Eric C. Crimmian
Signature of Requesting Party                     Printed Name of Requesting Party

## ORDER

It is hereby ordered that Requestor's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

03-Dec-2018                                      _Cheryl Smalley_
DATE                                             DEPUTY COURT ADMINISTRATOR

Revised Oct 2016